# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3381
_____

Renee Castaneda

*Plaintiff - Appellant*

v.

Dr. Ronald Richmond, M.D.; Cape Girardeau Surgical Clinic, Inc.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: September 26, 2024
Filed: January 7, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Renee Castaneda appeals the district court's[1] grant of summary judgment in favor of Dr. Ronald Richmond and Cape Girardeau Surgical Clinic, Inc. (CGSC) on

---

[1]The Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

her medical malpractice claim.  Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

The following facts are undisputed.  Castaneda suffers from gastroesophageal reflux disease, commonly known as GERD.  To remedy her condition, Castaneda sought treatment from Dr. Richmond, who recommended implanting a LINX device in Castaneda's esophagus.  A LINX device is a titanium bead-and-wire ring that is surgically implanted around a patient's lower esophageal sphincter to prevent acid reflux.  The LINX device is contraindicated for parties with a nickel allergy, meaning that the device should not be implanted if the medical provider knows or suspects a patient has a pertinent allergy.  Castaneda gave deposition testimony that she knows she has a nickel allergy based on an incident occurring over ten years ago when she wore nickel-containing jewelry that caused her skin to develop a rash, turn green, and swell.  Castaneda concedes that she has never been tested for or diagnosed with a nickel allergy by a medical professional.

Castaneda disclosed her self-diagnosed nickel allergy to Dr. Richmond, who recommended implanting the LINX device despite the alleged allergy because it was made of titanium, not nickel.  After surgery, Castaneda suffered from nausea, chest pains, and an inability to retain food, which she asserts were caused by an allergic reaction to the LINX device.  She subsequently had the LINX device removed by a different doctor.  Castaneda contends she suffered exacerbated symptoms, nerve damage, and emotional distress that were proximately caused by the installation of the LINX device.  Castaneda brought suit, alleging that Dr. Richmond was negligent for surgically implanting the LINX device after she disclosed her allergy and that CGSC was negligent for allowing Dr. Richmond to do so.

To prove her claims, Castaneda retained one expert witness, Dr. Stewart.  In Dr. Stewart's opinion, Dr. Richmond breached the standard of care by implanting a LINX device in a patient with a suspected nickel allergy.  He opined that

-2-

Dr. Richmond should have independently determined whether Castaneda had a nickel allergy and counseled her against implanting the LINX device upon learning of said allergy. Dr. Richmond's failure to do so, in Dr. Stewart's view, caused Castaneda's damages. Based on her purported nickel allergy, Dr. Stewart also stated that Castaneda's damages could have been caused by the LINX device. He based this opinion on (1) Castaneda's "endors[ment]" of a nickel allergy on a medical record made after her initial LINX surgery and (2) Castaneda's counsel, who told him "that Castaneda said that she does have a nickel allergy." It is undisputed that Dr. Stewart never tested Castaneda for a nickel allergy himself—he based all of his opinions on Castaneda's self-diagnosis.

Dr. Richmond and CGSC moved for summary judgment. The district court granted the motion, determining that there was no genuine dispute of material fact on causation because Castaneda failed to provide admissible medical evidence that she had a nickel allergy. Castaneda now appeals.

II.

"We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party." Marlow v. City of Clarendon, 78 F.4th 410, 417 (8th Cir. 2023). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Helmig v. Fowler, 828 F.3d 755, 760 (8th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). The nonmovant "may not merely point to unsupported self-serving allegations" to create a genuine dispute of material fact, "but must substantiate allegations with sufficient probative evidence that would permit a finding in [his or her] favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).

"As a federal court sitting in diversity jurisdiction, we apply the law that the forum state would apply." Winthrop Res. Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001). To establish a prima facie case of medical malpractice under

Missouri law, the law of the forum state, Castaneda must demonstrate: (1) "proof that an act or omission of the defendant failed to meet the requisite medical standard of care," (2) "proof that the act or omission was performed negligently," and (3) "proof of a causal connection between the act or omission and the injury sustained by the plaintiff." Yoos v. Jewish Hosp. of St. Louis, 645 S.W.2d 177, 183 (Mo. Ct. App. 1982). "To survive summary judgment on the issue of causation, [Castaneda] must demonstrate that there are genuine issues of material fact regarding whether [Dr. Richmond's] conduct was both the cause in fact and the proximate, or legal, cause" of her injuries. Sundermeyer v. SSM Reg'l Health Servs., 271 S.W.3d 552, 554 (Mo. banc 2008) (citation omitted). If the question of causation "can be determined only by resort to conjecture and surmise," this Court may decide the issue as a matter of law. Rauschelbach v. Benincasa, 372 S.W.2d 120, 125 (Mo. 1963).

Castaneda's purported nickel allergy is the link in the causal chain connecting her harm to Dr. Richmond's conduct. But "[w]hen a party suffers a sophisticated injury, which requires surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within a lay person's understanding and expert testimony is required." Echard v. Barnes-Jewish Hosp., 98 S.W.3d 558, 566 n.5 (Mo. Ct. App. 2002). Castaneda's lay testimony alone is insufficient to establish that she, in fact, has a nickel allergy which caused her injuries.

Castaneda next argues that Dr. Stewart's testimony is sufficient to establish causation. But Dr. Stewart did not testify that Castaneda had a nickel allergy; he merely confirmed that Castaneda *said* she had one. While Dr. Stewart's testimony may be sufficient to establish a breach of duty, in that Dr. Richmond should not have implanted the device if a metal allergy was *suspected*, this testimony does not prove that Castaneda *in fact* had an allergy which could have connected Dr. Richmond's procedure with Castaneda's injuries. Thus, Dr. Stewart's testimony does not create a genuine dispute as to causation.

Finally, Castaneda argues that circumstantial evidence can establish causation under Missouri's sudden onset doctrine, which states that "a causal connection may be inferred if the injury 'develops coincidentally with the negligent act, such as broken bones[;] immediate, continuing back pain[;] or an obvious wound.'" Williams v. Jacobs, 972 S.W.2d 334, 340 (Mo. Ct. App. 1998) (citation omitted). This argument fails on two fronts. First, the sudden onset doctrine is only applicable to injuries that "fall within the realm of lay understanding," not "sophisticated injur[ies], which require[] surgical intervention or other highly scientific technique[s] for diagnosis." Griggs v. A. B. Chance Co., 503 S.W.2d 697, 704 (Mo. Ct. App. 1973). Castaneda's injury was allegedly caused by a severe allergic reaction, which "requires an understanding of a confluence of factors resulting in complex physiological responses" beyond the realm of lay understanding. Denney v. Syberg's Westport, Inc., 665 S.W.3d 348, 359-60 (Mo. Ct. App. 2023). Second, "the fact that injury follows negligence does not [in and of] itself create liability." Steele v. Woods, 327 S.W.2d 187, 195 (Mo. 1959). Castaneda still has the burden "to prove causal connection between" her injury and Dr. Richmond's conduct. See id. In her own words, her claim hinges on the fact that she "suffered damages as a result of her nickel allergy." Without expert testimony verifying that she had a nickel allergy as a matter of fact, Castaneda cannot establish that her injuries were the result of an allergic reaction to the LINX device.

Because, viewing the evidence in the light most favorable to Castaneda, she failed to create a genuine dispute of material fact on causation, we affirm the district court's summary judgment order.

_____